LIT-4769

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES T. SULLIVAN, etc. | ) | |
| | ) | No. 08 C 1770 |
| Plaintiff, | ) | |
| | ) | Judge Kendall |
| v. | ) | |
| | ) | Magistrate Judge Nolan |
| CHAPMAN PLUMBING, INC., an Illinois corporation, | ) | |
| | ) | |
| Defendant. | ) | |

**MOTION FOR RULE TO SHOW CAUSE**

NOW COMES Plaintiff, JAMES T. SULLIVAN, etc., by his attorneys, DOUGLAS A.

LINDSAY, JOHN W. LOSEMAN, LISA M. SIMIONI, and BRIAN T. BEDINGHAUS, with

LEWIS, OVERBECK & FURMAN, LLP, of counsel, and moves this Court to issue a Rule

(Order) to Show Cause requiring Robert Chapman, Vice-President of Defendant, CHAPMAN

PLUMBING, INC., to personally appear and show cause why he should not be held in contempt

of Court for causing Defendant to fail and refuse to abide by the Order of this Court dated May

13, 2008.  In support hereof, Plaintiff states:

1.      On March 27, 2008, Plaintiff filed this action, inter alia, to conduct an audit

verifying Defendant's compliance with certain Collective Bargaining Agreements

("Agreements") for the period from January 1, 2005, to the present.

2.      Roy Chapman is the President and Robert Chapman is Vice-President of

Defendant.

3.      When Defendant failed to appear or otherwise plead on or before April 23,

2008, Plaintiff filed its Motion for Default Judgment on April 24, 2008, for presentment on May

5, 2008.

4.    On April 24, 2008, Plaintiff's counsel mailed a copy of his Motion to Scott C. Kuntz, registered agent for the Defendant.

5.    On April 30, 2008, the presentation of the motion was rescheduled for May 13, 2008, on the Court's own motion.

6.    On May 13, 2008, this Court entered an order holding Defendant in default for failure to appear and answer the Complaint.  The order further required Defendant to submit its books and records to Plaintiff's auditors on or before June 3, 2008.  A true and correct copy of the Court's order is attached hereto as Exhibit A.  The Court set a prove up hearing for June 26, 2008, at 9:00 AM.

7.    On May 16, 2008, Plaintiff's attorney mailed a copy of the Court's Order to Defendant's President, Roy Chapman, with a letter instructing the Defendant to contact the auditor to schedule the audit for a date prior to June 3, 2008.  A copy of the May 16, 2008, letter is attached hereto as Exhibit B.

8.     Defendant failed to schedule the audit for a date prior to June 3, 2008, but instead arranged for the auditor to view its corporate records on June 19, 2008.  The audit was confirmed by the auditor in a letter dated June 6, 2008, a copy of which is attached hereto as Exhibit C.  The auditor's letter also listed the documents which needed to be produced so that the audit could be completed.

9.    On June 18, 2008, Robert Chapman emailed the auditor and requested that the audit be rescheduled to a date in early July.  Accordingly, the auditor rescheduled the audit for July 8, 2008.  A copy of Chapman's June 18, 2008, email and the auditor's reply is attached hereto as Exhibit D.

10.    At the June 26, 2008, prove up hearing, counsel for Plaintiff, Brian T.

Bedinghaus, advised the Court that the Defendant had rescheduled the audit to July 8, 2008, and

the Court continued the prove up hearing to July 30, 2008, at 9:00 AM.

      11.     On July 8, 2008, a field audit was conducted at Robert Chapman's residence.

However, the Defendant failed to produce certain necessary documents which were requested in

the auditor's June 6, 2008, letter, including:

- 2007 3rd and 4th quarter payroll returns
- 2007 and 2008 W-2's
- 2008 payroll returns and registers
- 2007 corporate tax return
- bank statements for November 2007 through March 2008 for account #1115001000735

A list of these documents was again provided to Chapman Plumbing at the July 8, 2008, field

audit.

      12.     At the July 30, 2008, prove up hearing, counsel for Plaintiff, Brian T.

Bedinghaus, informed the Court that the Defendant had still not produced all of the requested

documents.  The Court entered an order again continuing the prove up hearing to August 20,

2008, at 9:00 AM.

      13.     Following the July 30, 2008 court appearance, Bedinghaus discovered that the

Defendant failed to disclose to the auditors the existence of a business checking account in the

name of Chapman Plumbing, Inc.. at Chase Bank, bearing the account #1115002060073.

      14.     On July 31, 2008, Bedinghaus sent Robert Chapman a letter again requesting the

documents which were not provided at the initial field audit, plus all bank statements for the

Chase account #1115002060073.  A copy of the July 31, 2008, letter is attached hereto as

Exhibit E.

      15.     Bedinghaus then discovered that Chapman Plumbing, Inc. failed to disclose to

the auditor the existence of a related entity, Champion Planning and Contracting, Inc., a/k/a

Champion Plumbing and Contracting, Inc. ("Champion"), which is owned, operated, and controlled by Robert Chapman's wife, Laura Chapman. A copy of the Secretary of State's Corporation File Detail Report for Champion Planning and Contracting, Inc., is attached hereto as Exhibit F.

16.     Pursuant to Article XIV, Section 1, of the collective bargaining agreement ("Agreement") between the Chicago Journeymen Plumbers Union, Local 130, U.A., and Defendant, the Agreement is binding upon Champion as a related entity.

17.     Plaintiff is entitled to audit the corporate books and records of Champion for the purpose of verifying compliance with the Agreement.

18.     On August 7, 2008, Bedinghaus telephoned Robert Chapman and inquired about the business of Champion. Robert Chapman stated that Champion was his wife's kitchen/bath remodeling company. Chapman also stated that he and his wife were separated and getting a divorce, and that she was unlikely to cooperate with the production of any documents.

19.     According to the auditors, Robert Chapman represented at the initial field audit that his wife was a nurse.

20.     Also on August 7, 2008, Robert Chapman telephoned the auditor and stated that he was sending all documents requested in Bedinghaus' July 31, 2008, letter to the auditor via overnight Federal Express delivery.

21.     As of August 14, 2008, the auditors have not received the documents from Chapman.

22.     On August 11, 2008, a subpoena was issued to Champion for the corporate records necessary to complete the audit. As of August 14, 2008, service of the subpoena has not yet been effectuated.

23. Defendant has failed to fully comply with the May 13, 2008, Judgment Order, and it has concealed the existence of bank accounts and related corporate entities from Plaintiff's auditors.

24. Plaintiff requests the Court enter the draft Order attached hereto as Exhibit G.

WHEREFORE, Plaintiff, JAMES T. SULLIVAN, etc., requests the Court to issue a Rule (Order) to Show Cause requiring Robert Chapman, President of CHAPMAN PLUMBING, INC., to personally appear and show cause why he should not be held in contempt of Court for causing Defendant's failure to comply with and abide by the May 13, 2008, Order of this Court.

JAMES T. SULLIVAN, etc., by his attorneys, DOUGLAS A. LINDSAY, JOHN W. LOSEMAN, LISA M. SIMIONI, and BRIAN T. BEDINGHAUS

s/ Brian T. Bedinghaus

By:_____

Brian T. Bedinghaus
20 N. Clark Street
Suite 3200
Chicago, IL 60602-5093
312.580.1269

Of Counsel:
Lewis, Overbeck & Furman, LLP
20 N. Clark Street
Suite 3200
Chicago, IL 60602-5093
312.580.1200

<u>PROOF OF SERVICE</u>

I served copies of the foregoing MOTION FOR RULE TO SHOW CAUSE upon:

Chapman Plumbing, Inc.
c/o Robert Chapman, officer
11250 Balmoral Dr.
Huntley, IL 60142

by placing true and correct copies thereof in sealed envelopes addressed as aforesaid, with postage prepaid, and depositing same in the United States Mail Box at 20 North Clark Street, Suite 3200, Chicago, Illinois on August 14, 2008, before 4:30 p.m.

In accordance with 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on: August 14, 2008

_____
ROBERT PARIZEK

LEWIS, OVERBECK & FURMAN, LLP
20 North Clark Street
Suite 3200
Chicago, IL 60602-5093
312.580.1200

# EXHIBIT A



4-23-08 BTB137032                                          65100/1137LIT-4769

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JAMES T. SULLIVAN, not individually but as Trustee )
of PLUMBERS' PENSION FUND, LOCAL 130, U.A., )
PLUMBERS' WELFARE FUND, LOCAL 130, U.A., )
THE TRUST FUND FOR APPRENTICE AND )
JOURNEYMEN EDUCATION AND TRAINING, )
LOCAL 130, U.A., and CHICAGO JOURNEYMEN ) No. 08 C 1770
PLUMBERS' LOCAL UNION 130, U.A., )
GROUP LEGAL SERVICES PLAN FUND, )
 ) Judge Kendall
     Plaintiff, )
 ) Magistrate Judge Nolan
   v. )
 )
CHAPMAN PLUMBING, INC., an Illinois corporation, )
 )
     Defendant. )

<u>JUDGMENT ORDER</u>

This matter having come to be heard on Plaintiff's Motion for Default Judgment, due

notice having been given to all parties entitled thereto, and the Court being fully advised in the

premises;

IT IS HEREBY ORDERED that Plaintiff's Motion is granted, Defendant is held in

default, and judgment is entered in favor of Plaintiff and against Defendant as provided herein;

IT IS FURTHER ORDERED that on or before June 3, 2008, Defendant shall submit to

auditors designated by Plaintiff all books, records, and other information that such auditors may

request for the purpose of an audit verifying Defendant's compliance with its contribution and

other obligations under its collective bargaining agreement with Chicago Journeymen Plumbers'

Local Union 130, U.A., during the period from January 1, 2005, to the present; and

IT IS FURTHER ORDERED that the Court retains jurisdiction to enter any orders

necessary to effectuate and enforce the terms of this Order, and to enter such other and further

judgment(s) in favor of Plaintiff and against Defendant for unpaid contributions and other

amounts shown to be due and owing under the collective bargaining agreement, ERISA, and/or

LMRA, including but not limited to interest, liquidated damages, audit costs, attorneys' fees, and

court costs, as well as for such other and further relief as appears just and equitable.

Dated:  _____5-13-08_____          ENTER:

_____

Virginia M. Kendall
United States District Court Judge

# EXHIBIT B

# Lewis, Overbeck & Furman, LLP

### ATTORNEYS AT LAW
### 20 NORTH CLARK STREET
### SUITE 3200
### CHICAGO, ILLINOIS 60602-5093
www.lewisoverbeck.com

TELEPHONE  312.580.1200
FACSIMILE   312.580.1201

WRITER'S DIRECT LINE
312.580. 1269
bbedinghaus@lewisoverbeck.com

May 16, 2008

File:  Lit-4769

Mr. Roy Chapman
665 Forest Avenue
Elgin, IL 60120

Re:    James T. Sullivan, etc. v. Chapman Plumbing, Inc.; No. 08 C 1770.

Mr. Chapman:

Enclosed is a paper copy of the Order entered by United States District Judge Virginia M. Kendall on May 13, 2008.   The Order requires Chapman Plumbing, Inc. to submit its corporate records for audit prior to June 3, 2008.

Pursuant to the Order, please contact Isabel Sanchez at D M Siegel, Ltd at 847-295-1200 to schedule the audit for a date prior to June 3, 2008.

Very truly yours,

LEWIS, OVERBECK & FURMAN, LLP

Brian T. Bedinghaus

BTB:cu
Enclosure
cc:    Isabel Sanchez
BTB137328/65100-1137

# EXHIBIT C

**D M SIEGEL, LTD**

Certified Public Accountants

Bannockburn Office Court
2209A Lakeside Drive
Bannockburn, IL 60015-1265
Tel 847.295.1200
Fax 847.295.1201



June 6, 2008

**VIA EMAIL: Chapmanplumbinginc@Yahoo.com**

Mr. Robert Chapman
Chapman Plumbing, Inc.
847 South Randall Rd. #338
Elgin, IL 60123

Re: Chapman Plumbing, Inc.
File #P130-0108-1185

Dear Mr. Chapman:

This is to confirm our telephone conversation. The audit date is Thursday, June 19, 2008 at 09:00 AM. at your residence located at:

   11250 Balmoral Dr.
   Huntley, IL 60142

Please contact us if there is any problem.

As mentioned in our previous letter, we have been requested by the Trustees of the Plumbers' Employee Benefit Funds, Local 130, U.A., and Plumbing Council of Chicagoland Fund to conduct audits of contributing contractors. The purpose of this program is to protect the Trustees, employers, and beneficiaries of the Funds by verifying that the Funds have been paid all sums due.

We have been instructed to audit your records from January 01, 2005 through March 31, 2008. In order to make a full and fair determination of whether proper contributions have been paid to the Funds, we are required to review, copy, or otherwise examine the following necessary records:

1) Individual payroll records -- including weekly payroll journals or registers, individual employee earnings records, and/or payroll check stubs -- *with details of gross wages, actual hours worked, and hourly rates.* (Please note that these records should be provided for *all* employees and not be limited to plumbers' records only.)

2) All employees' time records.

3) Personnel records or other documents which indicate job classifications for each employee.

4) Job tickets, job files, and job/labor distribution reports, to verify hours worked and duties performed by employees, per job.

5) Quarterly and annual payroll tax and information returns. (These include quarterly Federal Forms 941, annual Federal Forms W-2, W-3, 940, and 1099, quarterly State Forms IL-941, and quarterly State Department of Employment Security Forms UI-3/40.)



The CPA. Never Underestimate The Value.℠

Mr. Robert Chapman                              Re: Chapman Plumbing, Inc.
June 6, 2008                                     File #P130-0108-1185
Page 2

6) Amounts paid to independent contractors and subcontractors, along with all supporting documentation. (Please note that this entails *all* subcontractors, including those who do not receive Forms 1099.)

7) The complete annual Federal business income tax returns, *including all schedules and attachments*: either Form 1120, 1120-S, 1065, or 1040 Schedule C, whichever is applicable.

8) Descriptions regarding *types* of work performed by the company each year; these should include percentage breakdowns for each type, plus documentation to support those sales volume estimates (e.g., plumbing *"new construction"*, 45%; plumbing *"remodeling"*, 20%; plumbing *"repair"*, 15%; *"outside sewer"*, 10%; *"inside rodding"*, 5%; *"HVAC"*, 5%).

9) Copies of contribution report forms prepared for, or submitted to, *any* fringe benefit funds -- *including not only Plumbers' Funds but those for other trades as well.*

10) Cash disbursement records. (These include check disbursement journals, ledgers, registers, and/or check stubs.)

11) Purchases journals and accounts payable records.

12) *Invoices* for all items in the cash disbursement, purchases, and accounts payable records.

13) Chart of Accounts and General Ledger.

14) Any other relevant records requested by the Trustees or which you believe would be helpful in expediting the audit.

All of the records listed above are the ones which should be maintained in your normal course of business. If you do not have all of the above records, or if the records are not complete, or if our examination reveals some discrepancies or inconsistencies which need further explanation, then we may need to ask you for *additional* items in order to properly resolve any such discrepancies. These supplementary items may include:

1) A breakdown of annual material and supply purchases by *type* of work performed, along with documentation to support the breakdown.

2) A breakdown of payments to subcontractors by *type* of work performed, along with documentation to support the breakdown.

3) All customer invoices. (Please note that for time-and-material jobs, invoices should *itemize* "labor" vs. "materials" and should *specify* number of hours billed per worker.)

4) Contracts, if applicable, specifying the work to be performed and detailed estimates used in computing the amount of the contract.

5) Other such additional items, breakdowns, etc., which would help resolve all discrepancies and lead to a proper determination as to whether contributions have been properly remitted.

Mr. Robert Chapman                          Re: Chapman Plumbing, Inc.
June 6, 2008                                File #P130-0108-1185
Page 3

We will attempt to complete our audit with a minimum of inconvenience to you and your staff.  **In order to help accomplish this, please have all of the requested information ready for us upon our arrival, as well as someone who is familiar with your operations, records, and monthly contribution report preparation who can be available to answer our questions during the audit.**

Prior to issuance of our final report, we will inform you of any findings.  If you disagree with the findings, you will have the opportunity to present additional documentation to support your position. We will work with you in an attempt to resolve all apparent discrepancies and to reach a full and fair determination as to whether proper contributions have been paid to the Funds.

Should you have any questions, please feel free to contact us directly at our telephone number shown on page one.  I will greatly appreciate your continued cooperation in this matter so that we can conduct the audit as expeditiously as possible and make a proper determination.

Very truly yours,



Isabel Sanchez
D M SIEGEL, LTD



IS:icq

cc:  Kevin C. Sherlock
     Plumbers' Pension and Welfare Funds,
      Local 130, U.A.

     Douglas A. Lindsay        Lit-4769
     Lewis, Overbeck & Furman, LLP

# EXHIBIT D

## Bedinghaus, Brian T.

| | |
|---|---|
| **From:** | Isabel Sanchez [izzy@dmsiegelltd.com] |
| **Sent:** | Friday, June 20, 2008 10:41 AM |
| **To:** | Bedinghaus, Brian T. |
| **Subject:** | FW: Audit Appointment Chapman Plumbing |

Brian, here is the email.  I'm also forwarding another email I sent him regarding disconnected phone.

Izzy

---

**From:** Isabel Sanchez [mailto:izzy@dmsiegelltd.com]
**Sent:** Thursday, June 19, 2008 9:35 AM
**To:** 'Robert Chapman'
**Cc:** Dennis M Siegel (dsiegel@dmsiegelltd.com); Jen Decker-Moran (Jdecker-moran@dmsiegelltd.Com); Suzanne Davey (sdavey@dmsiegelltd.com)
**Subject:** RE: Audit Appointment

Mr. Chapman:

As requested, the audit date has been changed to Tuesday, July 8, 2008 at 9:00 AM.  You must keep this appointment, otherwise I have been instructed to turn the file over to the Funds attorney for further action. Thanking you in advance for your cooperation.

Isabel Sanchez
06.19.08

---

**From:** Robert Chapman [mailto:chapmanplumbinginc@yahoo.com]
**Sent:** Wednesday, June 18, 2008 4:02 PM
**To:** Isabel Sanchez
**Subject:** Re: Audit Appointment

please reschedule the audit to the first week of July, i am sorry but i will be going out of town expectantly.

please email back so i know you got this message

*Isabel Sanchez <izzy@dmsiegelltd.com>* wrote:

> Mr. Chapman:
>
> Per your request, attached is a copy of the confirmation letter.
>
> Isabel Sanchez
> 06.06.08
>
> Isabel Sanchez
> D M Siegel, Ltd.
> Certified Public Accountants
> 2209A Lakeside Drive
> Bannockburn, IL 60015-1265

tel 847.295.1200
fax 847.295.1201

PLEASE NOTE, BASED ON NEW INTERNAL REVENUE SERVICE RULES, ANY TAX ADVICE
PROVIDED OR IMPLIED HEREIN IS NOT INTENDED OR WRITTEN TO BE USED, AND CANNOT BE
USED, FOR THE PURPOSE OF AVOIDING PENALTIES THAT MAY BE IMPOSED ON THE TAXPAYER.

This email and any files transmitted with it are confidential and intended solely for the use of the individual or
entity to which they are addressed.  If you have received this email in error please notify Izzy@dmsiegelltd.com
<mailto:Izzy@dmsiegelltd.com>.  Please note that any views or opinions in this email are solely those of the author
and do not necessarily represent those of D M Siegel, Ltd.  Finally, the recipient should check this email and any
attachments for the presence of viruses.  D M Siegel, Ltd. accepts no liability for any damage caused by any virus
transmitted by this email.

# EXHIBIT E

# Lewis, Overbeck & Furman, LLP

### ATTORNEYS AT LAW

20 NORTH CLARK STREET

SUITE 3200

CHICAGO, ILLINOIS 60602-5093

www.lewisoverbeck.com

TELEPHONE  312.580.1200
FACSIMILE   312.580.1201

WRITER'S DIRECT LINE
312.580.
1269
bbedinghaus@lewisoverbeck.com

July 31, 2008

File:  Lit-4769

Mr. Robert Chapman
Chapman Plumbing, Inc.
11250 Balmoral Dr.
Huntley, IL 60142

   Re:  <u>James T. Sullivan, etc. v. Chapman Plumbing, Inc., Inc., 08 C 1770.</u>

Mr. Chapman:

  The auditor informs me that you have not produced all of the corporate records that are necessary to complete the audit.   The following items must be produced by August 7, 2008, or we will ask the judge for an order requiring you to personally appear in court and explain why you should not be held in contempt of court:

   1.  2007 third and fourth quarter payroll tax returns;
   2.  2007 and 2008 W-2s;
   3.  2008 payroll tax returns and registers;
   4.  2007 corporate tax returns;
   5.  Bank statements (with cancelled checks) from November, 2007 through March, 2008 for Chase Account No. 1115001000735.

  I also understand that you have not provided any bank statements for Chase Account No. 1115002060073.  You must produce all statements for that account for the period from January, 2005, through March, 2008.

  Please contact the auditor, Jen Decker-Moran at D M Siegel, Ltd immediately at 847-295-1200, to arrange for delivery of the documents.

      Very truly yours,

      LEWIS, OVERBECK & FURMAN, LLP

      Brian T. Bedinghaus

BTB:cu
cc:  Suzanne M. Davey
   Jen Decker-Moran

BTB138341/65100-1137

Lewis, Overbeck & Furman, LLP

Mr. Robert Chapman
July 31, 2008
Page 2

P.S. to Jen Decker-Moran:

 Please let me know on August 7, 2008, whether Mr. Chapman has produced the documents.

      VTY,


      BTB

# EXHIBIT F



SERVICES     PROGRAMS     PRESS     PUBLICATIONS     DEPARTMENTS     CONTACT

## CORPORATION FILE DETAIL REPORT

| | | | |
|---|---|---|---|
| **Entity Name** | CHAMPION PLANNING AND CONTRACTING, INC. | **File Number** | 65004453 |
| **Status** | GOODSTANDING | | |
| **Entity Type** | CORPORATION | **Type of Corp** | DOMESTIC BCA |
| **Incorporation Date (Domestic)** | 07/13/2006 | **State** | ILLINOIS |
| **Agent Name** | MICHAEL J FLECK | **Agent Change Date** | 06/27/2007 |
| **Agent Street Address** | 10771 ROUTE 47 POB 992 | **President Name & Address** | LAURA CHAPMAN 11250 BALMORAL DR HUNTLEY IL 60142 |
| **Agent City** | HUNTLEY | **Secretary Name & Address** | SAME |
| **Agent Zip** | 60142 | **Duration Date** | PERPETUAL |
| **Annual Report Filing Date** | 07/01/2008 | **For Year** | 2008 |
| **Old Corp Name** | 06/27/2007 - CHAMPION PLUMBING AND CONTRACTING, INC. | | |

**Return to the Search Screen**          **Purchase Certificate of Good Standing**

**(One Certificate per Transaction)**

BACK TO CYBERDRIVEILLINOIS.COM HOME PAGE

# EXHIBIT G

LIT-4769

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES T. SULLIVAN, etc. | ) | |
| | ) | No.  08 C 1770 |
| Plaintiff, | ) | |
| | ) | Judge Kendall |
| v. | ) | |
| | ) | Magistrate Judge Nolan |
| CHAPMAN PLUMBING, INC., an Illinois corporation, | ) | |
| | ) | |
| Defendant. | ) | |

<u>RULE  (ORDER)  TO  SHOW  CAUSE</u>

This matter coming before the Court on Plaintiff's Motion for Rule to Show Cause, due notice having been given to all parties entitled thereto, and the Court being fully advised in the premises

IT IS HEREBY ORDERED that Plaintiff's Motion is granted, and Robert Chapman is ordered and directed to personally appear before Judge Virginia Kendall, or any other judge sitting in her place and stead, in Courtroom 2319 of the United States Courthouse, 219 S. Dearborn Street, Chicago, IL, on _____, **at** _____ **A.M.**, and then and there show cause why he should not be held in contempt of Court for Defendant's failure to comply with the Order entered on May 13, 2008.

**Failure to appear by Robert Chapman in response to this Order will cause this Court to issue a Writ of Body Attachment for service upon Robert Chapman by the United States Marshal's Service.**

DATED:_____      ENTER:

_____
Virginia Kendall
United States District Court Judge